## The Schmidt *v.* The Reading.[1]

### The Reading *v.* The Schmidt.

*(Circuit Court, E. D. Pennsylvania.* October 11, 1890.)

1. COLLISION—FAILURE TO KEEP VIGILANT LOOKOUT.

     The lookout of a steamer, which was crossing the course of a schooner that had her lights properly set and burning, failed to see the schooner on a dark, but clear and moonless, night until within four lengths of her, although the steamer's light had been seen by those on the schooner at the distance of two miles. *Held*, the steamer was in fault for not keeping a vigilant lookout.

2. SAME—STEAM AND SAIL—DUTY OF STEAMER TO REVERSE.

     A steamer which, finding herself crossing the course of a schooner on the port tack, and about four lengths from her, attempts to avoid her by merely porting hard, is in fault for not also reversing.

3. SAME—CHANGING COURSE IN EXTREMIS.

     A steamer was crossing the course of a schooner. The vessels had approached to within about four lengths of each other. The schooner was on her port tack,

[1] Reported by Mark Wilks Collet, Esq., of the Philadelphia bar.

and heading about north. The steamer was heading east south-east. When about four lengths apart, the schooner starboarded. *Held*, this change of course was *in extremis*.

Appeal from district court. See *ante*, 398, for the opinion there delivered, and the facts other than as set out in the present opinion.

*John G. Lamb* and *Thos. Hart, Jr.*, for appellant, Reading.

*Henry R. Edmunds* and *Curtis Tilton*, for appellee, Schmidt.

BRADLEY, Justice. *The Facts:* (1) On the morning of September 23, 1889, about 1 o'clock, the schooner Charles E. Schmidt came into collision with the steamer Reading off the coast of Massachusetts, about two miles to the westward of the Cross Rip light-ship. (2) The night was clear. There was no moon. The lights of the vessels could be seen two miles distant. There was no unusual sea. The wind was from the north-west, blowing a brisk breeze. (3) The schooner was bound down the coast, with a cargo of ice from Gardiner, Maine, to Philadelphia. The steamer was bound up the coast on a voyage from Philadelphia to Salem, Mass., with a cargo of coal. (4) The schooner was beating through the channel marked by the Cross Rip light-ship and was on her port tack, close hauled by the wind, with all her lower sails set, and heading about north, and nearly across the channel. The steamer was coming down the channel on a course east south-east, crossing the course of the schooner. (5) The schooner's lights were properly set in the rigging, and were burning brightly. The master was in charge, and the watch on duty. A lookout was properly stationed at the bow, and two other men were upon the deck, one of whom had the wheel. (6) While the schooner was upon her port tack, heading about north, the green light of the steamer was reported by the lookout, and seen by all of the men on the schooner, distant about two miles, and bearing about three points on the schooner's port bow. The light was carefully observed by the men on the schooner, and the steamer was seen to approach without changing her light or making any change of course until she was within four lengths of the schooner, and there was imminent danger of collision. The schooner then starboarded, and the steamer had ported, and struck the schooner on her starboard side, breaking it in and damaging the cargo. (7) The lookout of the steamer and others in charge of her navigation did not see the schooner's lights until they were three or four lengths from her, and immediately hard ported, the mate helping the wheelsman to put it over, and when it was hard a-port, it was immediately ordered hard a-starboard, and the vessels struck before the last order could be fully executed.

*Conclusions of Law:* The steamer is responsible for the collision; (1) for not maintaining a vigilant lookout; and (2) for not changing her course seasonably, and preventing the vessels getting into a dangerous proximity; and (3) for not reversing her engines in time to prevent the vessels from getting into a dangerous situation and proximity; (4) the change of course by the schooner was *in extremis;* (5) and the steamer is responsible for the damages caused by the collision.